Rev. L. A. CLARK, Mary A. Cox and W. R. Wren, on behalf of themselves and others similarly situated, Plaintiffs,

v.

Allen C. THOMPSON, Mayor of the City of Jackson, Mississippi, et al., Defendants.

Civ. A. No. 3235.

United States District Court
S. D. Mississippi,
Jackson Division.

April 19, 1962.

Jack Young, Jackson, Miss., Robert L. Carter and Maria L. Marcus, New York City, for plaintiffs.

Thomas H. Watkins, E. W. Stennett, Jackson, Miss., for defendants.

Before RIVES and BROWN, Circuit Judges, and MIZE, District Judge.

PER CURIAM.

The complaint prays for an injunction restraining and enjoining the defendants and each of them, and their agents, from enforcing or executing sections 4065.3 and 2056(7) of the Mississippi Code of 1942, Annotated, and such parts of section 2046.5(1) of said Code as pertains to "public parks and swimming pools" against the plaintiffs and the class of

persons they represent, preventing them from using public recreational facilities on an integrated and equal basis solely on the grounds of race and color, because such enforcement would deny rights guaranteed under the Fourteenth Amendment to the Constitution of the United States.

The supplemental brief on behalf of the plaintiffs, filed March 26, 1962, properly and frankly concedes:

"Admittedly, there has been no showing that any of the statutes attacked have been enforced. But the proof clearly entitles plaintiffs to an injunction against defendants restraining them from enforcing a pattern of racial discrimination in respect to the use of any of the public facilities which are named in this law suit. (See Rule 15, Federal Rules of Civil Procedure [28 U.S.C.A.])."

 The only questions of any possible doubt relate to the construction of the statutes. If any one or more of the statutes should be construed to permit or encourage the denial to plaintiffs or the class which they represent of the use of public recreational facilities, including public libraries, on an integrated and equal basis solely on the grounds of race and color, then it would be so plainly unconstitutional as not to require a three-judge court. We think that the recent decisions in Bailey v. Patterson, 369 U. S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512, decided February 26, 1962, and Turner v. City of Memphis et al., 82 S.Ct. 805, Oct. Term, No. 84, decided March 26, 1962, require that we dissolve the three-judge district court in this case and leave the case for the decision of the single district judge.

Moreover, viewed most favorably to the plaintiffs, the evidence does not indicate that the discriminatory denial of the use of these public facilities has been on the basis of any one or more or all of such statutes. Of course, where the statute is the means by which use of the public facility is discriminatorily denied, then an arrest, or threat of an arrest, is not necessary as a predicate to the challenge of constitutional validity. Evers v. Dwyer, 1958, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222; Baldwin v. Morgan, 5 Cir., 287 F.2d 750.

Counsel's statement likewise demonstrates that what is sought is an "injunction * * * restraining [defendants] from enforcing a pattern of racial discrimination in respect to the use of any of the public facilities" specified. Such a claim, attacking a pattern or practice rather than the constitutional validity of a statute or actions under it, is for a single District Judge, not a three-judge statutory court.

Accordingly, the three-judge district court is dissolved.