Joseph TAYLOR et al., Plaintiffs-Appellees,

v.

W. L. STERRETT et al., Defendants-Appellants.

Julius Dwain PERRY, Sr., et al., Plaintiffs-Appellees,

v.

James E. (Bill) DECKER et al., Defendants-Appellants.

Joseph TAYLOR et al., Plaintiffs-Appellees,

v.

W. L. STERRETT et al., Defendants-Appellants.

Nos. 72–2443, 72–3689.

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1974.

Henry Wade, Crim. Dist. Atty., Dallas County, John B. Tolle, Gerald Weatherly, Asst. Crim. Dist. Attys., Earl Luna, Robert W. Porter, Dallas, Tex., for defendants-appellants.

Robert L. Byrd, Ft. Worth, Tex., John F. Jordan, Dallas, Tex., Stanley A. Bass, New York City, James E. Clayton, Dallas, Tex., for plaintiffs-appellees.

Before COLEMAN and SIMPSON, Circuit Judges, and RUBIN, District Judge.

COLEMAN, Circuit Judge.

This litigation concerns conditions in the Dallas County, Texas, jail. The opinion of the District Court is reported, Taylor v. Sterrett, 344 F.Supp. 411 (1972). We affirm and remand in part; we also vacate and remand in part for the further consideration of the District Court in light of intervening Supreme Court decisions and the ongoing circumstances of the case.

■ The District Court properly declined to apply the doctrine of abstention to this case, Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224.

■ In the exercise of its pendent jurisdiction, associated with the federal constitutional claims hereinafter mentioned, the Court ordered steps to insure compliance with the laws of Texas with reference to local prison facilities. The exercise of pendent jurisdiction in this area was correct, Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); Mobil Oil Corporation v. Kelley, 5 Cir., 1974, 493 F.2d 784.

As to the enforcement of state laws applicable to this jail [Paragraphs 1, 2, 11 and 12 of the District Court order, 344 F.Supp. 422–423], we have recently vacated a stay originally entered here pending appeal. It was specified that this action was without prejudice to the rights of the appellants to seek any justifiable modification in the District Court. It could hardly be expected that a United States District Court, in the exercise of appropriate pendent jurisdiction, would decline the enforcement of laws which the state, of its own volition, had enacted for the improvement of prison conditions within its jurisdiction. The decree of the District Court on these topics is affirmed. The case is nevertheless remanded to enable the Court to enter such modifications, if any, as ought to be had in the light of the ongoing circumstances.

Equity never seeks the impossible nor orders the unreasonable—its orders are adapted to the exigencies of the case. The criticisms which appellants level against the decree with reference to state requirements at this jail are accordingly left to the sound judicial discretion of the trial court, with full power to assay the merits of these criticisms and decree accordingly.

■ Paragraphs 5 and 6 of the District Court order prohibiting the unnecessary destruction of prisoner reading matter, etc., is affirmed as a reasonable provision for the protection of First Amendment rights.

As to Paragraph 7 of the District Court order, relating to rules of conduct of inmates, we are informed by the briefs, and there is no suggestion of dispute about it, that the Sheriff has, in fact, filed such rules with the District Court. We therefore consider this issue as substantially moot, but the District Court will be free to enter any modifications or amendments as may appear appropriate within the teachings of Wolff v. McDonnell, post, or any other applicable decision of this or of the Supreme Court.

■ This brings us to Paragraph 8 of the District Court order, which reads as follows:

"The Sheriff is directed not to allow persons to see prisoners except with the consent or request of the inmates. This has particular reference to 'copout' men, who have had free access to the jail."

As a general proposition we agree that prisoners should be left free of unwanted visitors, contacts, or importunities.

Yet, we are of the view that the provisions of Paragraph 8 are too restrictive, especially since the primary jurisdiction of the federal courts in this area is limited to the vindication of rights guaranteed by the federal constitution. Conceivably, the order would eliminate visits from official investigators engaged in efforts to solve crimes or to perform other legitimate duties. As to prisoners who choose not to be represented by counsel or who, as indigents, are charged with such misdemeanors as not to require counsel, this order could block efforts to bring their cases to a speedy resolution, Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. Upon remand we suggest that an effort be made specifically to limit this requirement to the evil it is intended to extirpate, if that evil does, in fact, rise to constitutional dimensions.

With reference to Paragraph 9 of the District Court order, concerning classifications as to pretrial detainees and convicted inmates, we are similarly advised that since the decision of the court below the State of Texas has enacted appropriate legislation by which those convicted of felonies are now held within the state prisons pending appeal. Upon remand, the District Court will reconsider this portion of its order in light of the realities of the case.

Paragraph 10 of the District Court order reads as follows:

"The Sheriff is enjoined from using inmates as corridor bosses to enforce rules and preserve discipline."

We note the key language, "to enforce rules and preserve discipline". We construe this to mean that the use of unarmed trusty prisoners for other functions is left undisturbed.

Since there are guards who could see to enforcing rules and preserving discipline, leaving unarmed trusties to perform duties affording no real opportunity to mistreat and abuse their fellow prisoners in violation of their constitutional rights, we do not regard this provision as an abuse of equity discretion within the four corners of this case.

Being aware, as we were, that some of the problems raised by this appeal, such as abstention on the state law issues, were pending on writs of certiorari in the Supreme Court of the United States, (and in keeping with our usual practice) we deferred decision in order that we might thereafter act with the guidance of that Court. One important issue below involved the censorship and opening of prisoner mail, Paragraph 4 of the District Court order, 344 F.Supp. 422. This portion of the District Court order is vacated and remanded for further consideration in light of the decisions of the Supreme Court in Wolff v. McDonnell, —— U.S. ——, 94 S.Ct. 2963, 41 L.Ed.2d 935, and Procunier v. Martinez, supra.

Massive precedent in the matter of state prison operation reflects the long maintained attitude of this Court to avoid unnecessary intervention in and interference with the internal administration of state penal institutions, subject to one paramount principle, the Court never hesitates to vindicate the federally guaranteed constitutional rights of those imprisoned therein. We have sought to consider and decide this case within those guidelines.

In the respects indicated, the judgment of the District Court is affirmed and remanded. In others, as set forth, the judgment is vacated and remanded for further proceedings not inconsistent herewith.

With these provisos, the entire cause will now be remanded to the District Court for the exercise of a retained jurisdiction.