501 F.2d 939
 John William MILLS, Plaintiff-Appellant,
v.
L. B. SULLIVAN, etc., Defendant-Appellee,
No. 74-2358 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 4, 1974.
 
 Wilson M. Hawkins, Jr., Mobile, Ala. (Court-appointed not under Act), for plaintiff-appellant.
 William J. Baxley, Atty. Gen., William M. Bowen, Jr., Thomas W. Sorrells, Asst. Atty. Gen., Montgomery, Ala., for defendant-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 John William Mills, an inmate of the Atmore Prison Farm in Alabama, appeals an order of the district court dismissing his 42 U.S.C. 1983 action for declaratory and injunctive relief, for damages against the prison authorities for alleged obstruction of his mail, and for damages against his appointed counsel for failure to protect his appeal rights. Mills contends that he was deprived of his constitutional right of access to the courts since: (1) correspondence from his out-of-state, A.C.L.U. attorney had been opened outside his presence; and (2) an official letter from the clerk of court notifying him of the entry of an order denying his coram nobis petition had been negligently delayed for a period of over three months, a delay which he claims was particularly onerous in view of his appointed counsel's default and the fact that there was no law library at Atmore. Mills concludes that the defendants thereby violated the injunction entered by the United States District Court for the Southern District of Alabama in Lake v. Lee, 329 F.Supp. 196 (1971).
 
 
 2
 The district court dismissed the suit on the grounds that it presented no question cognizable under section 1983. Looking first at the complaint concerning tampering with the letter from Mills' attorney, the court concluded that the injunction entered in Lake v. Lee, supra, did not cover this action since it did not pertain to out-of-state attorneys. Shifting its attention to Mills' allegation of negligent processing of the notice of judgment, the court held both that such negligence was outside the ambit of the Lake injunction and that the allegation did not reach constitutional proportion.
 
 
 3
 In view of the fact that the court did not have the benefit of two recent Supreme Court decisions (Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974)) delineating the constitutional minimums for procedures employed in the processing of prisoner mail, the judgment of dismissal must be vacated and remanded for further consideration in light of these decisions. In the course of its actions upon remand and after permitting such factual development as it may deem necessary, the court should specifically resolve Mills' allegation that defendants' negligent processing of his mail impaired his right of appeal from the denial of coram nobis. Similarly, the court should dispose of Mills' alternative, inconsistent claim of entitlement to punitive damages against his appointed counsel for counsel's alleged failure to perfect that appeal.
 
 
 4
 Vacated and remanded.