833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Vernon Wayne MAULDIN, Plaintiff-Appellant,
v.
Nathan RICE, Aaron Johnson, Defendants-Appellees.
 No. 87-6591.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 21, 1987.
Decided: Nov. 20, 1987.
 
 Vernon Wayne Mauldin, appellant pro se.
 Gail Weis, Office of Attorney General of North Carolina, for appellees.
 Before SPROUSE, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Vernon Mauldin, an inmate at Central Prison in North Carolina, sued two officials of the state corrections system pursuant to 42 U.S.C. Sec. 1983 alleging that he was denied equal protection because inmates of his same custody classification[1] at other prisons in the state were allowed "contact" visitation while he was not. Mauldin now appeals from the district court's order granting the defendants' motion for summary judgment.
 
 
 2
 First, it is clear that Mauldin does not have a constitutional right to visitation, contact or otherwise. White v. Keller, 438 F.Supp. 110 (D.Md.1977), aff'd, 588 F.2d 913 (4th Cir.1978). Moreover, an examination of the facts makes it clear that the difference in treatment between close custody inmates at Central Prison and those at other state prisons does not violate Mauldin's fourteenth amendment right to equal protection.
 
 
 3
 While prisoners retain certain constitutional rights, these rights may be limited or restricted if necessary to maintain the internal order and security of the prison. Bell v. Wolfish, 441 U.S. 520 (1979). The courts should defer to the judgment of prison administrators concerning the means of maintaining security unless there is substantial evidence in the record that they have adopted an exaggerated response to a perceived problem. Bell, 441 U.S. at 548.
 
 
 4
 Central Prison is the only maximum security prison within the state and houses the state's most dangerous and volatile inmates. Its security needs are, therefore, higher than the needs at other prisons in the state. Prison officials have determined that one method of achieving this higher level of security is to prohibit contact visitation. Because visitation is a matter within the discretion of prison officials, McCray v. Sullivan, 509 F.2d 1332 (5th Cir.), cert. denied, 423 U.S. 859 (1975), and because there is no evidence that this visitation policy is an exaggerated response to the unique security requirements of Central Prison, we find the ban on contact visitation to be rational and reasonable. Accordingly, because there is a rational basis for the more restrictive Central Prison visitation policy, Mauldin's equal protection rights have not been violated.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 There are four main levels in the North Carolina custody classification system: maximum, close, medium and minimum. Mauldin is classified as a close custody inmate