James P. **ANDERSON,** et al., **Plaintiffs,**

v.

Daniel **VASQUEZ, Defendant.**

No. C–91–4540–JPV.

United States District Court, N.D. California.

Aug. 21, 1992.

Carter R. King, Reno, NV, Jesse J. Garcia, Garcia & Schnayerson, Hayward, CA, for plaintiffs.

Daniel E. Lungren, California State Atty. Gen., George H. Williamson, Morris Lenk, Susan J. King, California State Atty. General's Office, San Francisco, CA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFFS' REQUEST FOR LEAVE TO AMEND

VUKASIN, District Judge.

### INTRODUCTION

Defendant's Motion to Dismiss was scheduled to be heard on August 20, 1992. After a review of the briefs, this court considered it appropriate to submit the motion on the pleadings pursuant to Local Rule 220-1, and now GRANTS the motion.

### DISCUSSION

#### 1. Factual Background

Plaintiffs, death row inmates currently housed in San Quentin State Prison, filed this action under 42 U.S.C. § 1983 alleging that the denial of conjugal visits constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution. Plaintiffs also allege that they have not been given the opportunity to preserve their sperm for artificial insemination in violation of the Eighth Amendment. Also "named" as "DOE" plaintiffs are unidentified spouses and/or other women partners willing to procreate with the death row inmate plaintiffs, and potential grandparents of such possible issue.

1. The State of California and the California Department of Corrections were dismissed as defendants based on lack of jurisdiction and the Elev-

Defendant Vasquez[1] has filed this motion to dismiss, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on the grounds that plaintiffs' complaint fails to state a claim upon which relief can be granted. Specifically, defendant argues that the denial of conjugal visits and artificial insemination does not violate the Eighth Amendment's prohibition of cruel and unusual punishment. Defendant also argues that the artificial insemination claim is not ripe for review. Defendant further argues that the non-prisoner "DOE" plaintiffs lack standing to sue under the Eighth Amendment. This Court agrees with defendant's arguments.

#### 2. Conjugal Visits

It is well established law in this Circuit, and elsewhere, that prisoners have no constitutional right to contact visits. *See, e.g., Toussaint v. McCarthy,* 801 F.2d 1080, 113–1114 (9th Cir.1986), and cases cited therein; *Bellamy v. Bradley,* 729 F.2d 416 (8th Cir.1984); *McCray v. Sullivan,* 509 F.2d 1332 (5th Cir.1975). Because there is no right to contact visits, *a fortiori,* there is no right to conjugal visits. Plaintiffs cite no authority for the proposition that denial of conjugal visits constitutes cruel and unusual punishment. The deprivation of conjugal visits does "not come up to the level of a federal constitutional right so as to be cognizable as a basis for relief in federal court." *Tarlton v. Clark,* 441 F.2d 384, 385 (5th Cir.), *cert. denied,* 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971).

In an effort to defeat dismissal, plaintiffs, in their opposition brief, argue that they are being denied equal protection. Plaintiffs contend that California Penal Code section 2601 provides for conjugal visits for other inmates, such as inmates sentenced to life imprisonment, who may be equally, if not more dangerous than plaintiffs. Thus, plaintiffs argue, there is no reasonably related security reason to treat "lifers" differently than the condemned plaintiffs.

Plaintiffs' argument is without merit. First, this Court notes that no equal protec-

enth Amendment by Order of this Court dated August 3, 1992 (the Honorable William H. Orrick, presiding).

tion claim is raised in plaintiffs complaint. Opposition to a motion to dismiss is not the appropriate place to raise and argue a new constitutional claim, and thus, the issue need not even be addressed. Second, even if the issue were properly before this Court, plaintiffs have failed to show that condemned inmates and "lifers" are similarly situated, a threshold requirement in establishing a violation of the equal protection clause. *Christian Gospel Church v. San Francisco,* 896 F.2d 1221, 1225–26 (9th Cir.1990). Moreover, it is undisputed that all condemned inmates are forbidden conjugal visits.

Therefore, as there is no constitutional right to conjugal visits, and no denial of equal protection, dismissal of plaintiffs' claim relating to conjugal visits is appropriate.

### 3. Artificial Insemination

■ In their complaint, plaintiffs allege that they "have not been given the opportunity to preserve their sperm for artificial insemination." However, in their complaint, plaintiffs have not alleged that they have sought the opportunity to preserve their sperm. Nor does the complaint contain any allegation that defendant denied plaintiffs the opportunity to preserve their sperm for artificial insemination. Certainly, the defendant is under no affirmative duty to provide facilities to assist in artificial insemination, *see Goodwin v. Turner,* 702 F.Supp. 1452, 1455 (W.D.Mo.1988), especially when plaintiffs have failed to make such a request.

In its opposition brief, plaintiffs contend that their counsel, by letter to the defendant, requested access to the process of artificial insemination and was rejected. Contrary to plaintiffs' contention, defendant, by letter in response to plaintiffs' counsel's letter, indicated that section 3084 of the California Code of Regulations provides a detailed grievance/appeal procedure for all inmates who seek to challenge any condition of confinement or prison policy. Plaintiffs have not utilized this prison grievance procedure.

Because plaintiffs' complaint fails to allege that any specific request for artificial insemination has been denied by defendant, and because plaintiffs have failed to exhaust the prison administrative appeals process, plaintiffs are, in essence, asking this Court to speculate as to the outcome of such a request and/or an administrative appeal. Thus, no concrete case or controversy exists. *See Tarlton v. Clark,* 441 F.2d 384, 385 (1971) (grievance of prisoner contending that denial of conjugal visits violates the Eighth Amendment "is one which would have to be presented, in the first instance, by administrative remedies available to the prisoner with the Bureau of Prisons.") Therefore, plaintiffs' artificial insemination claim is not yet ripe for judicial review.

■ Moreover, no constitutional right to have an inmate's sperm preserved for artificial insemination exists. "[M]ost, if not all, reasonable minds would agree that a prohibition against artificial insemination does not subject a federal prisoner to a 'fate forbidden by the principle of civilized treatment guaranteed by the Eighth Amendment.'" *Goodwin v. Turner,* 702 F.Supp. 1452, 1455 (1988) *quoting Trop v. Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). Refusal to facilitate artificial insemination is not, similar to the denial of conjugal visits, the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment prohibited by the Eighth Amendment. *See Wilson v. Seiter,* —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

■ Finally, plaintiffs' assertion of a "fundamental right" to procreate does not save the complaint because the existence of any such right does not survive incarceration. It is well settled that an inmate retains only those constitutional rights which are not inconsistent with his status as a prisoner or with the legitimate penological objectives. *Turner v. Safley,* 482 U.S. 78, 94–97, 107 S.Ct. 2254, 2265, 96 L.Ed.2d 64 (1987). As a practical matter, it is necessary to curtail many interests of a prisoner in order to accommodate the innumerable "institutional needs and objectives" of the prison. *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). While the Supreme Court has recognized an inmate's constitutionally protected right to marry, *see Turner,* 482 U.S. 78, 107 S.Ct. 2254 (1987), "many aspects of marriage that make it a

basic civil right, such as cohabitation, sexual intercourse, and the bearing and rearing of children, are superseded by the fact of confinement. Artificial insemination, as a method of begetting a child, fall within this realm of unavailable 'incidents of marriage.' " *Goodwin*, 702 F.Supp. at 1454. Thus, the existence of the "right" asserted here, i.e. the right to artificial insemination, is "fundamentally inconsistent with imprisonment itself." *Id.* quoting *Hudson v. Palmer*, 468 U.S. 517, 522–23, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1983).[2]

Therefore, dismissal of plaintiffs' claim relating to artificial insemination is appropriate.

### 4. Claims of the DOE Plaintiffs

■■■■ The "DOE" plaintiffs are unidentified spouses and/or other women partners willing to procreate with the death row inmate plaintiffs, and potential grandparents of such possible issue claiming that the denial of conjugal visits and artificial insemination inflicts "cruel and unusual punishment" on them even though they have not been convicted of a crime. While it may be true that these "DOE" plaintiffs are being penalized by the inmate plaintiffs' incarceration, "the Eighth Amendment prohibition does not read so far as to require the state to ensure against hardship caused to third persons as a result of the incarceration of one convicted of a crime." *Lyons v. Gilligan*, 382 F.Supp. 198, 201 (N.D.Ohio 1974). An individual's incarceration necessarily deprives the prisoner of the freedom "to be with family and friends and to form the other enduring attachments of normal life." *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 2600–01, 33 L.Ed.2d 484 (1972). This inevitable result of incarceration unavoidably deprives third persons, such as the "DOE" plaintiffs, of these correlative rights. *See Prince v. Massachusetts*, 321 U.S. 158, 165–67, 64 S.Ct. 438, 442, 88 L.Ed. 645 (1944). "Accordingly, even if an Eighth Amendment violation were found here, the rights affected would only be those of the plaintiff [inmates]." *Lyons*, 382 F.Supp. at 201.

■■■ In opposition to defendant's motion to dismiss, plaintiffs essentially concede that dismissal of the "DOE" plaintiffs is appropriate, and request leave to amend to add a Fourteenth Amendment due process claim for the "DOE" plaintiffs. Plaintiffs have already attempted to amend the complaint twice before, without success. Neither of those two attempts identified the "DOE" plaintiffs or addressed the Eighth Amendment standing problem. Plaintiffs are now attempting to bring forth a new claim, but only after defendant pointed out the deficiencies in plaintiffs' original complaint. Defendant should not be required to continually defend against new claims dreamed up by plaintiffs' counsel in response to defendant's motions.

Therefore, plaintiffs' informal request for leave to amend is DENIED, and, because the Eighth Amendment does not apply to the claims of the "DOE" plaintiffs, dismissal of the "DOE" plaintiffs is appropriate.

### ORDER

In accordance with the foregoing discussion, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is GRANTED.

2. Plaintiffs' informal request for leave to amend is DENIED.

3. Plaintiffs' claims are DISMISSED WITH PREJUDICE.

---

**2.** The district court in *Goodwin* was affirmed, *see Goodwin v. Turner*, 908 F.2d 1395 (8th Cir.1990), but the Eighth Circuit declined to reach the issue whether the right to procreate is inconsistent with incarceration. Rather, the Eighth Circuit held that even if the right to procreate survives incarceration, the prison regulation denying artificial insemination is reasonably related to legitimate penological interests, and thus, constitutional. *Id.* at 1396.