[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12843
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-22057-CV-WMH

RODOLFO G. ORTIZ,

                                             Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,

                                             Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 16, 2005)

Before CARNES, MARCUS  and PRYOR, Circuit Judges.

PER CURIAM:

Rodolfo G. Ortiz, proceeding pro se, appeals the district court's dismissal of

his 42 U.S.C. § 1983 action against James V. Crosby, Jr., Secretary of the Florida

Department of Corrections ("FDOC"), for failure to state a claim upon which relief could be granted. On appeal, he argues that his complaint stated a violation of his constitutional right to be free from cruel and unusual punishment in the form of physical and mental torture. More specifically, Ortiz asserts that the following FDOC policies constitute such torture: depriving inmates who serve a long period of incarceration of conjugal visits or other forms of sexual contact; prohibiting nude magazines and photographs; and allowing guards of the opposite sex to supervise him. We affirm.

Section 1915(e) provides, among other things, that a district court may dismiss any in forma pauperis action if the court finds that the action fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). We review dismissals under § 1915(e)(2)(B)(ii) de novo, viewing the allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To prevail in a civil rights action brought pursuant to § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

The Eighth Amendment, which is applicable to states through the Fourteenth Amendment, forbids cruel and unusual punishment. See U.S. Const. Amend. VIII; Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999). The cruel-and-unusual-

2

punishment standard applies to the conditions of a prisoner's confinement. Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004). Specifically, the Eighth Amendment prohibits punishments "which are incompatible with the evolving standards of decency that mark the progress of a maturing society," or "which involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 106, S. Ct. at 292 (internal quotations omitted).

"Failure to permit conjugal visits does not deny an inmate a federal constitutional right." McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir. 1975). "Visitation privileges are a matter subject to the discretion of prison officials." Id. Moreover, the Supreme Court, has held that the prohibition of contact visits was reasonably related to legitimate governmental objectives and that the Constitution does not require a detention facility to allow contact visits when experienced jail administrators determined, in their sound discretion, that such visits pose a security threat to the facility. Block v. Rutherford, 468 U.S. 576, 589, 104 S. Ct. 3227, 3234, 82 L. Ed. 2d 438 (1984).

Here, the district court did not err in dismissing Ortiz's action for failure to state a claim because his allegations fail to establish that he was denied a federal right. An inmate does not have a constitutional right to conjugal visits. Furthermore, an inmates' federal rights are not violated by the denial or limitation of contact visits when jail administrators determine that such visits pose security risks. Accordingly, we affirm.

**AFFIRMED.**