# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2011

No. 10-50202
Summary Calendar

Lyle W. Cayce
Clerk

DIANE MICHELLE ZAMORA,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CV-153

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Diane Michelle Zamora, Texas prisoner # 814993, appeals the district court's dismissal of her 42 U.S.C. § 1983 action. Zamora's complaint alleged that, with no disciplinary hearing, prison officials removed her mother from the prison visitation list. She argues that this punishment violated her due process rights and her Eighth Amendment right to be free from cruel and unusual punishment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50202

Punishments such as restrictions on visitation do not implicate due-process concerns. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975). Nor has Zamora made the requisite showing for an Eighth Amendment claim of cruel and unusual punishment. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999).

In order to state a claim under § 1983, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). There is no constitutional basis for Zamora's complaint that her mother was removed from the prison visitation list without a formal hearing. *See Sandin*, 515 U.S. at 483-84; *Palmer*, 193 F.3d at 352.

AFFIRMED.