Sidney Renee **DAVIS** and Samuel John Major Davis, Jr., Plaintiffs–Appellants,

v.

Norman **CARLSON**, Director, U.S. Bureau of Prisons, Defendant–Appellee.

No. 87–1539
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1988.

Sidney Renee Davis, pro se.

Samuel John Major Davis, Jr., pro se.

Charles D. Cabaniss, Asst. U.S. Atty., Dallas, Tex., for defendant-appellee.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

Samuel Davis, Jr., a federal prisoner incarcerated in Texas, and his wife, a resident of Memphis, appeal the dismissal of their pro se complaint seeking a declaratory judgment. Davis's claims all relate to the manner in which the prison is administered; and although he took some of these through the first stage of administrative channels, he did not pursue even these to the Office of General Counsel. Because he did not exhaust the available administrative remedies, his attempt to resort to the courts was properly dismissed. *Lundy v. Osborn*, 555 F.2d 534 (5th Cir.1977).

Mrs. Davis's claims were also properly dismissed, although for different and disparate reasons. The first essentially requests that we order the Bureau of Prisons to transfer Davis to a prison near her residence. We have no power to do such a thing, there being no clear duty— nor, indeed, any duty—on the part of the Bureau to do that. She next attempts to raise a claim derivative from one which Davis failed to exhaust: that he might send her money derived from an income-producing job assigned him if he had one, and he would have one were it not that these are assigned on a racially discriminatory basis. This highly-speculative, attempted end-run around the exhaustion requirement cannot be countenanced and was properly dismissed. Her third claim is a complaint of the denial of conjugal visits. No such constitutional right exists, *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.1975); nor are we cited to any common-law or statutory authority supporting one. Finally, Mrs. Davis asserts that Davis's incarceration violates *her* rights against cruel and unusual punishment. It may be, of course, that the incarceration of Davis causes inconvenience, even hardship, to Mrs. Davis; and this is, of course, most unfortunate. There is, however, no intent to punish Mrs. Davis; and unless we were empowered and prepared to declare that because of the effect on the spouse a married person cannot be punished by incarceration, her claim is doomed. We are neither, and it is.

AFFIRMED.