25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Martin TROWERY, Plaintiff-Appellant,
v.
William PERRILL, Warden, also known as Bill Perrill, FCI
Englewood, Colorado; K.W. Hawk, Director, Federal
Bureau of Prisons, Defendants-Appellees.
 No. 94-1080.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Martin Trowery, appearing pro se and having been granted leave to proceed in forma pauperis, appeals from the district court's order adopting the recommendation of the magistrate judge and dismissing plaintiff's civil rights/tort claims action against the Warden of the Federal Correctional Facility at Englewood, Colorado, William Perrill, and the Director of the Federal Bureau of Prisons, K.W. Hawk. Trowery alleged that he has a constitutional right to conjugal visits but that this right has been denied him by the defendants.
 
 
 3
 The magistrate judge, citing to Davis v. Carlson, Director of Bureau of Prisons, 837 F.2d 1318, 1319 (5th Cir.1988) and Montana v. Commissioners Court, 659 F.2d 19, 21 (5th Cir.1981), cert. denied, 455 U.S. 1026 (1982), ruled that Trowery's complaint failed to set forth a claim inasmuch as a prisoner does not have a constitutional right to conjugal visits. See also McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir.), cert. denied, 423 U.S. 859 (1975).
 
 
 4
 It is only "[w]hen a prison regulation or practice offends a fundamental constitutional guarantee, [that] federal courts will discharge their duty to protect constitutional rights." Procunier v. Martinez, 416 U.S. 396, 405 (1974); McKinney v. Maynard, 952 F.2d 350, 353 (10th Cir.1991). Incarceration involves the limitation of many rights due to considerations underlying our penal system. LaFevers v. Saffle, 936 F.2d 1117, 1119 (10th Cir.1991). Because the running of a penal institution is both complex and difficult, prison administrators are to be 'accorded wide-ranging deference' in adopting and executing policies and practices which, in their judgment, are necessary to preserve internal order and discipline and to maintain institutional security. Bell v. Wolfish, 441 U.S. 520, 547 (1979); Ramos v. Lamm, 639 F.2d 559, 579 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981).
 
 
 5
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470