98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry D. HARRISON, Plaintiff-Appellant,
v.
Janet BARBOUR, individually and in her official capacity as
Superintendent of Twin Rivers Correction Center; Tom Rolfs,
individually and in his official capacity as Director of
Corrections, Defendants-Appellees.
 No. 95-36196.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1996.*
Decided Oct. 4, 1996.
 
 Before: WRIGHT, SCHROEDER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harrison appeals the dismissal of his action, which alleged that prison officials deprived him of due process by terminating his extended family visitation ("EFV") privilege pursuant to a new EFV directive. Harrison raises several other constitutional challenges on appeal.
 
 
 3
 Harrison is an inmate at the correctional facility in Monroe, Washington. He and his wife participated in the EFV program for six years. The EFV program allows a family member to stay with an inmate in a private trailer on prison grounds for up to 48 hours. In January 1995, an inmate stabbed his wife during an EFV visit. One month later, the director of the division of prisons issued a directive that revised the EFV program. The revision at issue bars any inmate with a history of domestic violence from participating in the EFV program. See DOP 590.100 (Feb. 13, 1995). Harrison is no longer eligible to participate.
 
 
 4
 After unsuccessfully appealing his exclusion from the program to prison authorities, Harrison brought this § 1983 action. The court dismissed the action prior to service as frivolous under 28 U.S.C. § 1915(d). We review dismissal of a claim pursuant to 28 U.S.C. § 1915(d) for abuse of discretion. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995). We may affirm based on any ground supported by the record. Id.
 
 I. Due Process
 
 5
 Harrison argues that he has a state-created liberty interest in continued participation in the EFV program.[1] He looks to the Washington Administrative Code and prison regulations for language creating a justifiable expectation of continued EFV privileges.
 
 
 6
 Until recently, courts determined whether a prison regulation gave rise to a protected liberty interest by asking whether it used mandatory language. See, e.g., Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). Based on this analysis, this court has held that Washington had created a liberty interest in its standard visiting procedures because "an inmate may reasonably form an objective expectation that visiting privileges will not be suspended without compliance with the applicable rules." Mendoza v. Blodgett, 960 F.2d 1425, 1433 (9th Cir.1992), cert. denied, 506 U.S. 1063 (1993).
 
 
 7
 Mendoza, however, does not determine the result of Harrison's complaint. Recently, the Supreme Court altered the relevant test. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995), held that due process protections apply only to prison regulations that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. Under Sandin, Harrison lacks a state-created liberty interest in the EFV program. EFVs are not "ordinary incidents of prison life." Cf. id. The district court did not abuse its discretion when it dismissed the complaint as frivolous.
 
 II. Other Arguments
 
 8
 Harrison argues that the new directive also violates the Equal Protection and Ex Post Facto Clauses and the separation of powers doctrine. He raised these arguments for the first time in his objections to the magistrate judge's report and recommendation, and the district court did not consider them. We have done so and find them meritless.
 
 A. Equal Protection
 
 9
 Harrison cannot bring an equal protection challenge because the directive does not impinge on his constitutional rights. See Turner v. Safley, 482 U.S. 78, 91 (1987). As explained above, Harrison does not have a constitutional or state-created right to EFVs. The directive reasonably relates to prison safety by preventing inmates with histories of domestic violence from having extended, unsupervised visits with family members. And, the Supreme Court has recognized that protecting visitors from harm by inmates is a valid penological goal. See Block v. Rutherford, 468 U.S. 576, 586-87 (1984) (upholding ban on contact visits as reasonably related to the goal of protecting visitors).
 
 B. Ex Post Facto
 
 10
 Harrison argues that the directive violates the Ex Post Facto Clause by imposing punishment on inmates with a history of domestic violence beyond that prescribed when they were convicted. His argument fails because the directive is not "punishment." See United States v. Collins, 61 F.3d 1379, 1383 (9th Cir.) (new procedure must constitute punishment in order to violate Ex Post Facto Clause), cert. denied, 116 S.Ct. 543 (1995); United States v. Huss, 7 F.3d 1444, 1447 (9th Cir.1993) (same). The directive's regulatory goals include continuing the EFV program in an acceptable form and preventing violence in the prison. The restrictions added to the EFV program reasonably relate to these goals, and their effect is not unduly punitive.
 
 C. Separation of Powers
 
 11
 Harrison argues that the directive violates the separation of powers doctrine by punishing those with a history of domestic violence. He appears to argue that the policy is punitive and that punishment may be authorized only by the legislature and meted out only by the judiciary. If so, his argument fails. The administration and regulation of EFV privileges is properly the function of prison administrators. See Turner v. Safley, 482 U.S. 78, 84-85 (1974). There was no separation of powers violation.
 
 CONCLUSION
 
 12
 We affirm the dismissal of the complaint.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Wisely, Harrison does not argue that he has a constitutional right to extended or conjugal visitation. None exists. See, e.g., Hernandez v. Coughlin, 18 F.3d 133, 137 (2d Cir.) (no liberty interest in extended family visits), cert. denied, 115 S.Ct. 117 (1994); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir.1988) (no constitutional right to conjugal visits). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948)