**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 00-41217

JO LYNN MCKNIGHT; SUSAN BANKS;
STACY NAVA

Plaintiffs - Appellees,

VERSUS

GARY L JOHNSON, Director, Texas
Department of Criminal Justice,
Institutional Division, ET AL

Defendants,

GARY L JOHNSON, Director, Texas
Department of Criminal Justice,
Institutional Division; J E ALFORD,
Warden, Eastham Unit, Individually
and in Official Capacity; WAYNE
SCOTT; ROBERT EASTON, Assistant Warden,
Texas Department of Criminal Justice,
Institutional Division; JAMES D
MAYFIELD, Assistant Warden, Texas
Department of Criminal Justice,
Institutional Division; D L STACKS

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
(No. 6:99-CV-18)

November 9, 2001

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellees are three former prison employees whose husbands are prison inmates. By virtue of their having been prison employees, Plaintiffs had their visitation rights terminated, prison officials having concluded that the former employees' knowledge of prison procedure puts at risk prison security. Plaintiffs filed suit under 42 U.S.C. § 1983, arguing that prison officials violated their First Amendment right to intimate association. They also argue that as former prison employees they were singled out and received unequal treatment in violation of their Fourteenth Amendment right to equal protection. The officials in turn moved for summary judgment, contending that they enjoy qualified immunity. The district court denied the motion, and Defendants bring this interlocutory appeal. We reverse.

The Supreme Court has made immediately appealable a district court's refusal to extend qualified immunity to state officials. *See Mitchell v. Fortsyth*, 472 U.S. 511, 527 (1985). We review a district court's immunity determination de novo. *See Cozzo v. Tangipahoa Parish Coun.*, 262 F.3d 501, 510 (5th Cir. 2001). A state official is entitled to qualified immunity unless

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

Plaintiffs can show the violation of a constitutional right and that the right was clearly established when the violation occurred. *See Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). "A right is 'clearly established' if its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *See Cozzo*, 262 F.3d at 511 (quoting *Anderson v. Creigton*, 483 U.S. 635, 640 (1987)).

We cannot conclude that Plaintiffs had a clearly-established right to visit their inmate-husbands. As the district court correctly noted, the Supreme Court has found that the right to intimate association is fundamental, the Court having ruled as much in *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984). The district court also correctly noted that the Court has not specifically held that this right protects inmates and their spouses. Generally, that a right has not been applied to a given situation does not mean that it is not clearly established for purposes of a qualified immunity analysis. *See Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000). But the application of constitutional rights takes on a different tenor when applied to a prison setting. True, "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner*, 482 U.S. at 84. But legitimate penological objectives require that we not undo official actions or regulations so long as they are reasonably related to the

-3-

stated objectives. *See id.* at 87. Consistent with this standard, we have upheld the constitutionality of bans on conjugal visits between an inmate and his spouse as to each. *See McCray v. L.B. Sullivan*, 509 F.2d 1332, 1334-35 (5th Cir. 1975)(upholding ban in the face of challenge by inmate); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988)(rejecting challenge by inmate's wife). More to the point, we have held that "incarcerated persons . . . maintain no right to simple physical association--with their parents or with anyone else--grounded in the first amendment." *Thorne v. Jones*, 765 F.2d 1270, 1274 (5th Cir. 1985).

Nor are we convinced that Plaintiffs were singled out for unequal treatment. Plaintiffs argue that prison officials' prohibition on former employees' visiting their inmate-spouses distinguishes between prison staff who entered into a relationship with an inmate during the course of their employment and staff who already had such a relationship before they were hired. Plaintiffs concede that this is not the sort of suspect classification entitled to heightened scrutiny, but they nonetheless insist that there is not even a rational basis for such disparate treatment. Plaintiffs' argument notwithstanding, we see no evidence of an actual classification, Plaintiffs not having shown that Defendants ever hired spouses of inmates for prison work. But even if there were such evidence, we cannot conclude that the justification given for the ban on visits

-4-

between former employees and inmate-spouses--namely, that the former employees' inside knowledge of prison procedure poses a security risk, and that prison officials want to discourage such relationships generally--is irrational.

Taking Plaintiffs' allegations as true, which we must do when reviewing the denial of qualified immunity in the context of summary judgment ruling, *see Wagner v. Bay City, Texas*, 227 F.3d 316, 320 (5th Cir. 2000), we conclude that Plaintiffs have not alleged the violation of a clearly established constitutional right.  Having determined that there was no material violation, we do not reach Plaintiffs' retaliation claims.

REVERSED AND REMANDED.