Nydia ESTADES–NEGRONI,
Plaintiff, Appellant,

v.

The ASSOCIATES CORPORATION OF
NORTH AMERICA, Associates Finan-
cial Services, Associates First Capital
Corporation, Associates Corporation
of Puerto Rico, Inc., Defendants, Ap-
pellees.

No. 02–1852.

United States Court of Appeals,
First Circuit.

Entered: Feb. 10, 2004.

**2**

Alfredo Fernandez Martinez, Delgado & Fernandez, LLP, San Juan, PR, for Plaintiff–Appellant.

Heidi L. Rodriguez Benitez, Agustin Collazo Law Office, Hato Rey, PR, Jorge I. Peirats, Pietrantoni Mendez & Alvarez LLP, San Juan, PR, Victor J. Maya, Elarbee, Thompson & Trapnell, LLP, Atlanta, GA, for Defendants–Appellees.

Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and LIPEZ, Circuit Judge.

## ORDER OF COURT

On September 13, 2002, Estades submitted her opening brief, a four-volume appendix, and a motion for an extension of time to file the translations of several depositions. These depositions had existed only in Spanish when the case was before the trial court. The district judge granted the defendant's motion for summary judgment on grounds that did not implicate those depositions directly. *See Estades–Negroni v. Assocs. Corp. of N. Am.*, 208 F.Supp.2d 144, 147–48 (D.P.R.2002).

When Estades filed her motion for extension of time on September 13, 2002, the case had not been calendared, and the motion for an extension to file translations was granted directly by the Clerk's Office on September 17, 2002. On October 3, 2002, Estades submitted the translations at issue. As fortune would have it, we handled this appeal without these translations before us. The translations were not included within the four-volume appendix that Estades originally submitted, and due to an error at some step of the process, we did not obtain this translation until we learned in Estades's petition for rehearing that it had been submitted to the Clerk's office.

It is lamentable that granting the motion to file the translations gave Estades a reasonable basis for thinking that the new translations were part of the record before us on review. But such a mistake cannot change the fact that when the district court considered the motion for summary judgment these depositions existed only in their original Spanish.

■ The law incontrovertibly demands that federal litigation in Puerto Rico be conducted in English. 48 U.S.C. § 864 (2003). That rule applies to trials as well as to the pre-trial process. *Id.* In collecting a record for summary judgment a district court must sift out non-English materials, and parties should submit only English-language materials. *See United States v. Rivera–Rosario*, 300 F.3d 1, 6 (1st Cir.2002). Depositions that have not been translated into English are not—and cannot on appeal become—part of the record. *See id.* at 9 (noting that Fed. R.App. P. 10(e), authorizing appellate courts to supplement the record to correct omissions or misstatements, is not a vehicle for expanding the record).

■ Estades did submit translations after the commencement of her appeal. However, translation after the fact cannot retrospectively alter the record. *Id.* To permit such translations to augment the record as an equitable exception would inevitably swallow the English-only rule over time. Moreover, under a bilingual pre-trial regime, parties with Spanish-language evidence would prefer bilingual judges, and non-Spanish speaking parties would have to contend with incomprehensible records. These scenarios would be wildly at odds with the premise of a unified and integrated federal courts system.

■ Our opinion states that we cannot consider materials that have not been translated. *Estades–Negroni v. Assocs.*

*Corp. of N. Am.*, 345 F.3d 25, 31 (1st Cir.2003). That is true. What the opinion does not reflect is that, absent a clerical error, we would have had the translations before us. Had that been the case, we would have made clear, as we are doing now, that the summary judgment record cannot be expanded by translation for purposes of an appeal. In other words, we could not have taken the translations into account in any event. Our failure to consider them is, therefore, necessarily harmless.

Appellant Nydia Estades–Negroni's motion, filed with this court on January 21, 2004, requesting leave to file a second petition for rehearing and suggestion for rehearing en banc, to stay mandate, and to vacate denial of petition for rehearing is **Denied.**