UNITED STATES of America, Plaintiff

v.

Wilfredo FIGUEROA ZAPATA
[4], et al., Defendants.

No. CRIM.03–251(HL).

United States District Court,
D. Puerto Rico.

June 10, 2004.

Lynn M. Doble–Salicrup, United States Attorney's Office, San Juan, PR, for Plaintiff.

Bruce J. McGiverin, Maria H. Sandoval, Maria H. Sandoval Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

On September 15, 2003, defendant Wilfredo Figueroa Zapata ("Figueroa") was charged with conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. Following a detention hearing held on September 23, 2003, Magistrate Judge Gustavo Gelpi ordered the defendant to be detained pending trial. (Dkts. 21, 144). On December 22, 2003, Figueroa filed a motion requesting bail. (Dkt. 99). Accordingly, a hearing was held before Magistrate Judge Gustavo Gelpi on January 14 and 22, 2004 (Dkts. 111, 117, 122 and 123). At the conclusion of the hearing Magistrate Gelpi held that the defendant was a "danger to the community" and reaffirmed the initial order of detention. In particular, the Magistrate concluded that the Government had "proven by clear and convincing evidence [through intercepted conversations with co-defendant Felix Egipciaco] that this Defendant arranged and carried out several drug transactions. . . ." Nevertheless, Figueroa objected to the Magistrate's detention order and filed a motion requesting a second de novo determination based on the record. (Dkts. 117 and 133).

In his petition, defendant argues that Magistrate Judge Gelpi "turned the standard of detention on its head" by focusing solely on the Government's proof that the defendant had committed past crimes while ignoring the issue of "whether future crimes would be committed by the defendant if released." (Dkt. 133). In fact, Figueroa alleges, he is not a danger to society because the drug conspiracy has been dismantled by the various indictments in this case. Moreover, the motion argues that the Government mislead the Court by asserting that Figueroa was a "source of supply" and by inflating the

amount of cocaine he was responsible for from five kilograms up to nine kilograms.

After reviewing the Magistrate Judge's ruling de novo, the Court is convinced that his decision was not rooted in either of these alleged exaggerations. As stated in the Magistrate's ruling, the defendant, who was involved in at least two drug transactions, needed to be detained "regardless of whether he is a high echelon source of supply or not a source of supply...[because] basically [he is] a dealer involved with more than five kilos of drugs." (Dkt. 123). Moreover, the Court is not convinced that simply because this alleged conspiracy has ended that the defendant would not engage in another similar conspiracy with other individuals while out on bail.

Finally, in further support of his request, defendant filed a sealed motion arguing that his and his wife's desire to procreate was sufficient reason to allow for his release on bail. (Dkt. 189).[1] While defendant's argument is interesting it is in fact misguided and unsupported by the law. It is true that the Supreme Court of the United States has found a fundamental right to procreate and has even upheld a prisoner's right to marry. *See Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942) and *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). However courts have also consistently held that the Constitution, "does not create any protected guarantee to conjugal visitation privileges while incarcerated." *Hernandez v. Coughlin,* 18 F.3d 133, (2d Cir.1994) (citing *Turner,* 482 U.S. at 95–96, 107 S.Ct. 2254). *See also, Gerber v. Hick-*

*man,* 291 F.3d 617, 622 (9th Cir.2002) ("the right to procreate while in prison is fundamentally inconsistent with incarceration"); and *Davis v. Carlson,* 837 F.2d 1318, 1319 (5th Cir.1988). As the Supreme Court has noted "[l]awful incarceration of [pretrial detainees] brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Bell v. Wolfish,* 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (quoting *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)). Indeed, the very nature of detention itself impedes one's constitutional right to liberty but is justified by the security considerations that go to the heart of the justice system.

Detainees are generally awaiting trial for serious offenses. "Exposure of this type of person to others...carries with it risks that the safety of innocent individuals will be jeopardized in various ways." *Block v. Rutherford,* 468 U.S. 576, 588, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984) (holding that a blanket provision denying pretrial detainees contact visits is "an entirely reasonable, nonpunitive response to the legitimate security concerns identified, consistent with the Fourteenth Amendment"). The record thoroughly supports the conclusion that defendant poses a security risk to society. Balancing this finding with Figueroa's and his wife's desire to procreate does not change this Court's decision that denying bail is both legitimate and necessary. Moreover, while the Court does not challenge the truthfulness of defendant's assertions, it is reluctant to set a

---

**1.** As a preliminary matter, the Court notes that the letters submitted by the defendant and his wife attached to the motion are in the Spanish language and thus in violation of the rule that requires "[a]ll pleadings and proceedings...be conducted in the English language." *United States v. Rivera–Rosario,* 300

F.3d 1, 6 (1st Cir.2002) (quoting 48 U.S.C. § 864). *See also Estades–Negroni v. Associates Corp. of North America,* 359 F.3d 1 (1st Cir.2004). Nevertheless, the Court will address this issue regardless of the substance of these letters.

dangerous precedent that could easily lend itself to fraud and abuse. *See United States v. Pozzy,* 902 F.2d 133, 139 (1st Cir.1990) (reversing sentencing downward departure for defendant who became pregnant after arrest in part because it could "set a precedent that would have dangerous consequences in the future, sending an obvious message to all female defendants that pregnancy is 'a way out' ").

Accordingly, based on the record and for the reasons above, the Court denies defendant's petition for bail.

**IT IS SO ORDERED.**