

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2007

# Becerra v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1080

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Becerra v. Miner" (2007). *2007 Decisions.* Paper 418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1080

JAIME BECERRA,
                                                    Appellant

v.

WARDEN JONATHAN C. MINER

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 06-cv-2247
(Honorable Malcolm Muir)

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 20, 2007

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

Filed September 19, 2007

OPINION OF THE COURT

PER CURIAM.

    Jaime Becerra appeals from the order entered by the United States District Court

for the Middle District of Pennsylvania dismissing his habeas corpus petition.  For the

following reasons, we will affirm.

Becerra, an inmate housed at the Allenwood Low Security Correctional Institution, has been convicted of two drug offenses since immigrating from Colombia in 1970. Shortly after he was convicted of the latest offense, attempted possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846, the U.S. Immigration and Customs Enforcement ("ICE") lodged an immigration detainer against Becerra for his possible removal from the United States. Because ICE had issued the detainer for possible deportation and because his Presentence Investigation Report reflected that he was possibly deportable because of a drug trafficking conviction, the Bureau of Prisons ("BOP") assigned him a Public Safety Factor ("PSF") of "deportable alien."

In 2006, Becerra filed an action styled as a combined habeas petition under 28 U.S.C. § 2241 and declaratory action under 8 U.S.C. § 1508(a) and 28 U.S.C. § 2201. Becerra contends that the deportable alien PSF is erroneous because he previously applied for citizenship and took an "Oath of Renunciation and Allegiance" in connection with that application. He claims that he is therefore a "national," not an alien. Becerra argues his deportable alien PSF makes him ineligible to obtain a transfer to a prison closer to his family or participate in the drug awareness program, the completion of which would enable him to qualify for a reduction in sentence. Becerra challenged the PSF designation and the denial of his transfer request to a facility closer to his family through the BOP processes, without success.

First, as the district court stated, Becerra's argument that he is being deprived of due process on account of his deportable alien PSF does not state a claim for a

2

deprivation of a constitutional right. It is well established that a prisoner does not have a due process interest in his assignment to a particular institution, including one closer to his family. See generally, Olim v. Wakinekona, 461 U.S. 238, 245 (1983)(inmate has no justifiable expectation that he will be incarcerated in any particular prison or state); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoner has no right to be transferred to facility closer to family).

Moreover, the assignment of a deportable alien PSF, in itself, does not implicate the Due Process Clause either. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Hewitt v. Helms, 459 U.S. 460, 468 (1983); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (a protected liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Being classified with a PSF of "deportable alien" and its resulting consequences of disqualification for certain programs, as with any other security classification, is not outside what a prisoner "may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted); see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (prison officials have discretion over prisoner classifications and prisoners have no

3

legitimate due process concerns in them); see also Rublee v. Fleming, 160 F.3d 213, 214 (5th Cir. 1998) (no liberty interest in early release for completion of drug abuse program).

Becerra's substantive challenge to his alien classification in a declaratory action is equally problematic. The statute under which Becerra proceeds for his declaratory judgment action, 8 U.S.C. § 1503(a), first requires a "final administrative denial" before a litigant may file an action under 28 U.S.C. § 2201. See United States v. Breyer, 41 F.3d 884, 891-92 (3d Cir. 1994). At this point, Becerra does not have a "final administrative denial" from the immigration authorities who actually initiated the detainer, i.e., the Department of Homeland Security, which he must have in hand before he files a declaratory action under § 2201 in federal court.[1] The district court did not err.

We will affirm the judgment of the district court.

---

[1]Becerra will likely have the opportunity to argue that he is a national in any future removal proceedings. We decline to rule on the merits of Becerra's claim that he is a national, but point out that a national is "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." INA § 101(a)(22) [8 U.S.C. § 1101(a)(22)]. We note that in this circuit, for a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'" Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).

4