

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Jamiel Johnson v. Angela Auman

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jamiel Johnson v. Angela Auman" (2008). *2008 Decisions.* Paper 79.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/79

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-41                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2897
_____

JAMIEL JOHNSON,
                            Appellant

v.

CINDY G. WATSON, Chief Grievance Officer;
HEALTH CARE BUREAU JOHN DOE, Department of Corrections;
Warden, RAYMOND M. LAWLER;
Deputy Warden, BARRY M. CORBIN;
CORRECTIONAL HEALTH CARE ADMINISTRATOR;
R.N. ROWLES;
PAC ANGELA AUMAN;
C.O. CHILCOTE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:08-CV-1026)
District Judge:  Honorable James F. McClure, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2008

Before:  SLOVITER, FUENTES AND JORDAN, <u>Circuit</u> <u>Judges</u>

Opinion filed: December 17, 2008
_____

OPINION
_____

PER CURIAM

Jamiel Johnson appeals from the District Court's June 3, 2008 order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. The District Court also declined to grant Johnson leave to file an amended complaint. Johnson filed the instant appeal on June 26, 2008. Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

In his complaint to the District Court, Johnson argued that prison officials violated his Eighth Amendment rights through deliberate indifference to his medical needs. He alleged that a prison nurse asked him to take a tuberculosis test, which he refused, citing fear of getting infected by the test. In response, prison officials placed him on "AC (administrative custody) status . . . and (gave him) a face mask to wear" until he took the test.[1] Johnson requested an alternative tuberculosis test, which was denied. He also stated that his requests for Bactrim, which he describes as a pain reliever[2], were denied and that none of the other medications prescribed to him by the prison staff alleviated his pain. Johnson asked the District Court to order the jail to give him an alternative tuberculosis

---

[1]However, later in the complaint, Johnson stated that he was no longer being made to wear the mask.

[2]Bactrim is in fact an antibiotic generally used to treat certain infections. See Food and Drug Administration, http://www.fda.gov/CDER/foi/label/2003/17377slr057_Bactrim_lbl.pdf (last visited Nov. 20, 2008).

test and to remove him from AC status. He also requested $5,000,000 in damages and to be transferred to another prison facility because of retaliation from prison officials at SCI-Huntingdon.

We have appellate jurisdiction over this appeal under 28 U.S.C. § 1291, and review it for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court correctly analyzed Johnson's Eighth Amendment claim under the Supreme Court's standard for "deliberate indifference." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)(holding that the plaintiff must allege that the defendant acted with deliberate indifference to his serious medical needs in order to state an Eighth Amendment medical claim upon which relief may be granted). However, "[o]nly 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990)(quoting Estelle, 429 U.S. at 103). Allegations of medical malpractice are not sufficient to establish a constitutional violation. Id. Furthermore, "mere disagreement as to the proper medical treatment" does not support a claim of an Eighth Amendment violation. Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977); Massey v.

3

Hutto, 545 F.2d 45, 46 (8th Cir. 1976) (per curiam)); see also Johnson v. Treen, 759 F.2d 1236, 1238-39 (5th Cir. 1985)(simple disagreement with the medical treatment received or a complaint that the treatment received has been unsuccessful is insufficient to set forth a constitutional violation.).

Johnson admits that prison officials never forced him to take the tuberculosis test. Rather, he claims they did not grant his request for an alternative type of tuberculosis test. He also takes issue with the medical personnel's decision not to give him Bactrim, his preferred choice of medication. In other words, Johnson disagrees with the decisions that the prison's medical personnel made concerning his medical treatment. That alone is not an adequate basis for establishing an Eighth Amendment violation.

We also note that the District Court did not address Johnson's request to be transferred from SCI-Huntingdon to another prison facility. However, it is well established that a prisoner does not have a due process interest in his assignment to a particular institution. See generally Olim v. Wakinekona, 461 U.S. 238, 245 (1983)(inmate has no justifiable expectation that he will be incarcerated in any particular prison or state); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoner has no right to be transferred to facility closer to family). As a result, Johnson did not state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).

In conclusion, we determine that Johnson's appeal is lacking in arguable legal merit, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).