**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-11211
Summary Calendar

SADIQ OLASUNKANMI ADELEKE

Plaintiff - Appellant

v.

JASON HEATON, Warden; DANIEL HINSON, Assistant Warden;  AMY
RAMOS, Captain; STEVEN FLECKENSTEIN, Officer

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-55

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sadiq Olasunkanmi Adeleke ("Adeleke"), Texas prisoner # 792196, appeals
the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as
frivolous and for failure to state a claim.  For the reasons stated below, we
affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. BACKGROUND

Adeleke, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden Jason Heaton, Assistant Warden Daniel Hinson, Captain Amy Ramos, and Officer Steven Fleckenstein (collectively "prison officials"), complaining about the conditions of confinement in the John Wallace Unit of the Texas Department of Criminal Justice, Institutional Division.

In his complaint, as developed by his extensive testimony, Adeleke alleged that during an incident on October 12, 2007, Officer Fleckenstein wrote three disciplinary cases against him for refusing to obey an order, being out of place, and using indecent or vulgar language after finding him by the sink in the day room. Adeleke alleged that Officer Fleckenstein demanded his identification card while his back was to him and spun him around by the shoulder to again ask for his identification card. After the incident, Adeleke alleged that he felt pain in his shoulder and used Tylenol for two or three days after the incident, but that the pain disappeared after a few days and he did not seek medical attention.

Adeleke's three disciplinary cases were graded by Captain Ramos as major disciplinary cases. To help him with his case, Adeleke was assigned a counsel substitute. Captain Brooks, the disciplinary hearing officer, dismissed two of the cases and found Adeleke guilty of using vulgar language, which was a lesser offense. Adeleke was sanctioned with a reprimand. He did not appeal the case, although he filed a grievance about the alleged assault by Officer Fleckenstein.

In his complaint, Adeleke alleged that he was subjected to retaliation by Officer Fleckenstein for filing a grievance in relation to the October 12, 2007 incident. He also alleged that he was subjected to excessive force insofar as

Officer Fleckenstein grabbed his shoulder, and he was deprived of due process of law because his case was graded as a major disciplinary case.

As a result of having a major disciplinary case, Adeleke was transferred from one housing unit to an allegedly more dangerous and restrictive housing unit. This transfer was approved by Captain Ramos. On December 4, 2007, a fight occurred in the exercise yard of Adeleke's new housing unit. After the fight, Warden Heaton ordered that the entire unit be placed on lockdown for several months while prison officials conducted an investigation into the fight. While on lockdown, Adeleke was unable to have family members visit and had to eat sack lunches and other such meals.

In his complaint, Adeleke alleged that Warden Hinson and Warden Heaton subjected him to cruel and unusual punishment in the form of the lockdown for several months, the denial of visitation with his family members during lockdown, and being forced to eat sack lunches.

Adeleke's complaint was transferred to the magistrate judge who held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). In his report and recommendation, the magistrate judge recommended that all Adeleke's claims against the prison officials be dismissed as frivolous and for failure to state a claim, with the exception of his retaliation claim against Officer Fleckenstein.[1] This appeal followed.

## II. DISCUSSION

### A. Standard of Review

A prisoner's civil rights complaint should be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). We review a district court's § 1915A dismissal *de novo*. *See Ruiz*

---

[1] Adeleke's retaliation claim against Officer Fleckenstein has since been dismissed by the district court. Adeleke's appeal of that dismissal is currently pending before another panel of this court in case number 09-10830. Nothing in this opinion should be construed as opining on the merits of that appeal.

*v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). A complaint brought by a prisoner proceeding *in forma pauperis* may also be dismissed as frivolous when it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(I); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). Such dismissals are reviewed for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Because the magistrate judge referred to both § 1915A and § 1915(e) when he recommended dismissing Adeleke's suit as frivolous, the court will review the issues raised on appeal *de novo. Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

B.     Eighth Amendment Claims

Adeleke argues that the district court erred by dismissing his Eighth Amendment claims against the prison officials as frivolous. He maintains that he was subjected to cruel and unusual punishment by being transferred from one housing unit to an allegedly more dangerous and restrictive housing unit, being subjected to lockdown upon arrival in the new unit, being denied visitation of his family members while on lockdown, and by being forced to eat sack lunches while on lockdown. Adeleke also argues that prison officials violated his Eighth Amendment rights by failing to protect him when they transferred him to the

new housing unit and were deliberately indifferent to his health and safety by allowing him to remain on lockdown for several months. Lastly, Adeleke argues that during the October 27th incident, Officer Flackenstein used excessive force which caused him to feel pain in his shoulder. For Officer Flackenstein's alleged use of excessive force, Adeleke sought money damages.

"The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). A prisoner must satisfy a two-part test, consisting of an objective and a subjective component, to state a claim that the conditions of his confinement violated the Eighth Amendment. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). First, a prisoner must demonstrate the objective component of conditions "so serious as to deprive prisoners of the minimal measure of life's necessities, as when it denies the prisoner some basic human need." *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999). "Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement." *Id.* at 720. A prison official acts with deliberate indifference "only if he knows that an inmate faces a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

"To prevail on a section 1983 failure to protect claim, a prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). The deliberate indifference standard in a failure to protect claim is subjective, not objective. It requires

5

proof that the official actually knew of a substantial risk of serious harm and failed to act. *Farmer*, 511 U.S. at 832-34.

To succeed on an excessive force claim, a plaintiff bears the burden of showing (1) an injury; (2) which resulted directly and only from the use of force that was excessive to the need; and (3) the force used was objectively unreasonable. *Glen v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). Under 42 U.S.C. § 1997(e)(e), "no Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Alexander v. Tippah County*, 351 F.3d 626, 631 (5th Cir. 2003). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The physical injury required by § 1997(e)(e) must be more than *de minimis*, but need not be significant. *Harper*, 174 F.3d at 719.

Adeleke's Eighth Amendment claims center around his transfer to an allegedly more dangerous housing unit and the lockdown that followed that transfer. He fails to demonstrate any denial of his basic human needs or obvious and substantial risk of serious harm to his health and safety. Additionally, his allegations do not demonstrate that any prison official was aware of any such risk posed by his transfer. The housing unit that Adeleke was transferred to was generally assigned to inmates who had received disciplinary cases, as he had, or who had a gang background. While Adeleke's transfer and being on lockdown may have caused discomfort and inconvenience (including having to eat sack lunches and being denied visitation with his cousins), his allegations do not constitute "extreme deprivations" or "deliberate indifference" by prison officials. *See e.g., McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975) ("[V]isitation privileges are a matter subject to the discretion of prison officials and are not a constitutional right."); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th

Cir. 1998) ("The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities.").

During the October 27th incident, Adeleke alleged that he was standing by the sink in the day room when Officer Fleckenstein came from behind him and told him to get away from the sink. He alleges that Officer Fleckenstein asked for his identification card and before he could turn around, he grabbed him by the shoulder and spun him around. Adeleke fails to show that his injury resulted from a use of force which was excessive to the need and which was objectively unreasonable. The force used was not objectively unreasonable, nor was it excessive in that Officer Fleckenstein turned Adeleke around and repeated his order while Adeleke faced him, rather than the sink. Moreover, Adeleke's allegations demonstrate that the physical injury he received from Officer Fleckenstein, a sore shoulder which he treated with Tylenol and for which he neither sought nor required medical attention, was no more than *de minimis* and insufficient to support a claim of cruel and unusual punishment.

For the reasons stated above, Adeleke's claims are without arguable merit and the district court was correct in dismissing them as frivolous.

C.     Due Process Claims

Adeleke next argues that the district court erred in dismissing his due process claims as frivolous. Adeleke claims he was denied due process by being transferred from one housing unit to an allegedly more dangerous housing unit and being subjected to lockdown, lasting several months, after the transfer. He alleges that prison officials violated his due process rights by failing to conduct an investigation into who was involved in the fight which led to the lockdown.

Adeleke's allegations fail to state a claim for deprivation of due process of law arising out of his change in housing or arising out of the lockdown after the transfer of housing units. Adeleke's due process challenge to his transfer from one unit to another are without merit;  prison officials exercise sole discretion

7

over inmate unit placement, and inmates do not have a constitutionally protected property or liberty interest in housing in certain facilities. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). Thus, the determination to move Adeleke to another part of the prison as a result of the disciplinary case does not implicate a protected property or liberty interest and as result the protections of the Due Process Clause does not attach to these proceedings. Adekele testified that he complained to prison officials about being in lockdown but his complaints were not satisfactorily addressed. Prisoners do not have a federally protected liberty interest in having their complaints resolved to their satisfaction. *Geiger v. Jokers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, Adeleke has failed to state a claim for deprivation of due process against prison officials for failure to properly investigate.

Adeleke also alleges that he was deprived of due process in the disciplinary case that resulted in his transfer in housing units. He alleges that prison officials erred in grading them as major disciplinary cases without first interviewing him. Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 427 (1995).

The sanction that resulted from Adeleke being given a major disciplinary case was the transfer in housing units. As noted above, prisoners have no constitutionally protected property or liberty interest in residing in a particular housing unit. Because the sanction that Adeleke was subjected to did not result in a sanction that infringed upon any constitutionally protected liberty interest, the Due Process Clause was not implicated by prison officials designating his violations as major without first interviewing him.

For the reasons stated above, Adeleke's Due Process claims are without arguable merit and the district court was correct in dismissing them as frivolous.

## III.  CONCLUSION

Adeleke's appeal is without arguable merit and is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  The district court's dismissal and the dismissal of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g).  *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Adeleke is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

Further, Adeleke has not established that his appeal presents the sort of exceptional circumstances warranting the appointment of counsel. *See Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991). Accordingly, his motion for appointment of appellate counsel is DENIED.