**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2010

Charles R. Fulbruge III
Clerk

No. 08-41023
Summary Calendar

CLYDE JOE PARKER, II,

                                        Plaintiff-Appellant,

versus

UNIDENTIFIED CURRIE, Warden; UNIDENTIFIED SMITH, Major;
UNIDENTIFIED SHACKLEFORD, Classifications;
CLASSIFICATION MEMBERS, from the Unit;
UNIDENTIFIED READ, Lieutenant; UNIDENTIFIED HOUGH;
UNIDENTIFIED BROOKS; UNIDENTIFIED GOUCH;
UNIDENTIFIED LITTLE; UNIDENTIFIED NORTHWORTH, Sergeant;
UNIDENTIFIED SHAW, Nurse; UNIDENTIFIED PICKET BOSS;
UNIDENTIFIED HOFFER, Correctional Officer;
UNIDENTIFIED SIMON, Nurse; FRED MOORE, Physician Assistant;
UNIDENTIFIED WARD, Correctional Officer,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:08-CV-16

No. 08-41023

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Clyde Parker, a Texas prisoner, appeals the dismissal of his *pro se*, *in forma pauperis* 42 U.S.C. § 1983 civil rights suit as frivolous and for failure to state a claim. We dismiss the appeal as frivolous.


I.

Parker claims that various Texas prison officials violated the Eighth Amendment by subjecting him to cruel and unusual punishment. Specifically, he alleges that prison officials were deliberately indifferent to his safety by failing to move him to an individual cell after numerous altercations with other prisoners.

After conducting a *Spears* hearing, the magistrate judge issued a detailed report recommending that the suit be dismissed as frivolous under 28 U.S.C. § 1915A(b). The district court, following *de novo* review of the pleadings, adopted that recommendation and dismissed.


II.

Under the Prisoner Litigation Reform Act ("PLRA"), a district court shall dismiss a complaint that is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). We review dismissals under § 1915A *de novo*. *See, e.g.*, *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Parker must demonstrate that "he was incarcerated under conditions posing a substantial risk of serious harm," *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998), and "that prison officials were deliberately indifferent to his need for protection," *id.* He must prove "that the official actually *knew* of a substantial risk of serious harm and failed to act." *See, e.g.*, *Adeleke v. Heaton*, No. 08-11211, 2009 WL 3682539, at *3 (5th Cir. Nov. 5, 2009) (per curiam) (unpublished) (emphasis added).

Parker's allegations fail to meet the "extremely high standard" for deliberate indifference. *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). During his current stint in prison, Parker has lodged repeated complaints asserting that his life is in jeopardy. Each time, prison officials dutifully investigated Parker's claim and determined it to be unsubstantiated. Numerous times, those officials nevertheless moved him from one prison to another, or from one cell block to another and back again, to try to keep him away from what he perceived to be life-threatening danger. But, for Parker, any assignment to a general population unit was objectionable. As he admitted at his *Spears* hearing, he made it plain to certain prison officials that he would keep filing complaints until he was housed by himself.

The magistrate judge went out of her way to detail the various incidents on which Parker relies to state his claim. For each occasion that Parker points to, there is nothing tending to show that the responsible officer "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that he did in fact draw the inference. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Even assuming that the harm he faced was indeed substantial, Parker does not allege that prison officials acted in ways that evince "obduracy and wan-

tonness," *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (quotation omitted), or that rise above simple *negligence, see Farmer*, 511 U.S. at 847; *Lawson v. Dallas County*, 286 F.3d 257, 262-63 (5th Cir. 2002).

Stripped of their "conclusory allegations or legal conclusions masquerading as factual conclusion," *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002), Parker's claims boil down to a disagreement with prison officials over his housing status. He wants a single cell, but prison officials have determined that he should remain in general population. An "inmate does not have a protectable liberty or property interest in his custodial classification," *Neals*, 59 F.3d at 533, and his mere "disagreement with a classification is insufficient to establish a constitutional violation," *id.*

Although Parker focuses his briefing almost entirely on deliberate indifference, he also raises the rumblings of a retaliation claim. In particular, he speculates that his attacks by other inmates were in fact orchestrated by prison officials. That fanciful characterization, without additional support, calls for dismissal.

### III.

We direct Parker's attention to the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). A dismissal of a lawsuit as frivolous under § 1915A constitutes a strike. *See, e.g.*, *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). If a prisoner accumulates three strikes, he is not allowed to a bring another civil action *in forma pauperis* while incarcerated unless under imminent danger of serious physical injury. Parker is so warned.

The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. All outstanding motions are DENIED.