# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2010

No. 09-10830
Summary Calendar

Lyle W. Cayce
Clerk

SADIQ OLASUNKANMI ADELEKE,

Plaintiff–Appellant,

v.

STEVEN FLECKENSTEIN, Security Officer V,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-55

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sadiq Olasunkanmi Adeleke, Texas prisoner # 792196, appeals the district court's grant of the defendant's motion for summary judgment on Adeleke's retaliation claim.

Adeleke's arguments concerning the district court's adoption of the magistrate judge's recommendation to dismiss other defendants and other claims raised in Adeleke's original complaint were addressed in a separate appeal, *Adeleke v. Heaton*, 352 F. App'x 904 (5th Cir. 2009).  The law of the case

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

doctrine precludes review of these arguments in this appeal. *See United States v. Williams*, 517 F.3d 801, 806 (5th Cir. 2008). Additionally, Adeleke has not shown that the district court erred in granting summary judgment without appointing an attorney to assist him and without giving him an opportunity to develop more evidence. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999).

Prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). "A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Id.* (quotation marks and citation omitted).

Adeleke asserts that he demonstrated that Fleckenstein wrote false disciplinary cases to justify his action of grabbing Adeleke by the shoulder on October 12, 2007, and that the action of the writing the disciplinary cases resulted in Adeleke being transferred to a more dangerous side of the prison and being on lockdown with a gang member who fought in the recreation yard. These arguments do not allege any retaliation based on past or threatened filing of prison grievances by Adeleke, and they do not challenge the district court's determination that it could not be inferred from the chronology of events that Fleckenstein took any action in retaliation for Adeleke's filing of, or threatening to file, grievances or to report Fleckenstein or any other prison personnel. Adeleke fails to address the district court's reasons for dismissing this claim or identify any error in the district court's conclusions. Accordingly, he has abandoned this issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813

No. 09-10830

F.2d 744, 748 (5th Cir. 1987); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Because Adeleke has abandoned this element of the retaliation claim, we need not address the other elements or the question of damages.

AFFIRMED.