# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2018

Lyle W. Cayce
Clerk

DIANE MICHELLE ZAMORA,

Plaintiff-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; MELODYE
NELSON, Warden; WHITNEY FRANKS, Warden; DEBBIE RAY, Bureau of
Classification Representative; BRYAN COLLIER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-365

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Diane Michelle Zamora, Texas prisoner # 314993, filed a civil rights
complaint against several employees of the Texas Department of Criminal
Justice, Correctional Institutions Division (TDCJ), alleging that her Eighth
Amendment right to be free from cruel and unusual punishment was violated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

when she was moved from protective custody at the Mountain View Unit to general population at the Hobby Unit.  Zamora asserted that protective custody was necessary because her criminal case generated national media attention and her resulting notoriety exposed her to threats and assaults by other inmates.  She sued former TDCJ Executive Director Brad Livingston; William Stephens, former Director for the Correctional Institutions Division of TDCJ; Melodye Nelson, Warden of the Mountain View Unit; Whitney Franks, Assistant Warden of the Mountain View Unit; and Debbie Ray, of the State Classification Committee.  The defendants moved for summary judgment and asserted their right to qualified immunity.  The district court entered a memorandum order and judgment granting the motion for summary judgment.  It dismissed the supervisory-capacity claims against Livingston and Stephens, and it determined that the defendants were entitled to qualified immunity with respect to the failure-to-protect claims.  To the extent that the defendants were sued in their official capacities for damages, the court concluded, they were entitled to Eleventh Amendment immunity.  Because there was no constitutional violation, injunctive relief was denied.

As an initial matter, Zamora has moved this court for appointment of counsel.  Zamora's pleadings show that she is able to present her case adequately, and the tasks she would have appointed counsel perform are not pertinent to this appeal because they relate to development of a case at the trial court level.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).  Thus, she has failed to show that exceptional circumstances warrant appointment of an attorney.  *See id.*  The motion is DENIED.  Zamora also asserts that the district court erred in denying her motion for appointment of counsel.  She has not shown, however, that her case presented exceptional circumstances or that the district court abused its discretion in refusing to

appoint counsel.  *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer*, 691 F.2d at 213.

Zamora contends that the district court erred in granting the defendants' motion for summary judgment.  Zamora had the burden of rebutting the defendants' qualified-immunity defense by establishing a genuine fact issue as to the question whether the defendants' allegedly wrongful conduct violated a clearly established constitutional right.  *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).  To establish a failure-to-protect claim, a prisoner must show that she was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to [her] need for protection."  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  A prison official acts with deliberate indifference if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he or she] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In essence, Zamora's contentions boil down to a disagreement with prison officials over her housing status.  *See Neals*, 59 F.3d at 533; *see also Parker v. Currie*, 359 F. App'x 488, 489-90 (5th Cir. 2010).  Zamora wants to be in protective custody at the Mountain View Unit but prison officials have determined that she should be in general population at the Hobby Unit.  She has presented no evidence showing that there is a genuine issue whether the defendants were subjectively aware that transferring her to general population at the Hobby Unit would expose her to a substantial risk of serious harm.  *See Farmer*, 511 U.S. at 837.  Although Zamora believes that the defendants retaliated against her, there was no valid constitutional claim for retaliation because there was no underlying constitutional violation.  *See McDonald v.*

*Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  As to the supervisory defendants, Zamora makes no effort to show that Stephens and Livingston were personally involved in a constitutional deprivation, and her contention that her removal from safekeeping was the result of an unconstitutional policy is unsupported. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).  Zamora has not shown that the district court erred in granting the motion for summary judgment.

In addition, Zamora asserts that the district court erred in failing to grant her motion requesting additional time in which to conduct discovery prior to ruling on the defendants' dispositive motion.  Zamora has not shown that the discovery she seeks relates to information she does not already have or that its disclosure would create a genuine issue.  *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994).  She has not shown that the discovery she wishes to conduct is essential to her claims, and her generalized desire for discovery about inmate attacks on other inmates is insufficiently specific.  *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).  No abuse of discretion has been shown.  *See McCreary v. Richardson*, 738 F.3d 651, 654-55 (5th Cir. 2013).

Finally, Zamora contends that the district court erred in refusing to grant injunctive relief.  Because Zamora failed to show an underlying constitutional violation, injunctive relief was not available.  *See* 18 U.S.C. § 3626(a).  The judgment is AFFIRMED.

4